IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

---

In the Matter of the Complaint of     *
Crounse Corporation, Owner and Operator        No. 1:14CV154-SA-DAS
of Barge C512, for Exoneration     *
from or Limitation of Liability.

---

### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, ABERDEEN DIVISION:

Comes now Crounse Corporation ("Crounse"), as owner and operator of Barge C512, and in support of its complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., states:

1. This action is brought pursuant to 46 U.S.C. § 30501, et seq., commonly known as the Limitation of Vessel Owner's Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the parties herein, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. Crounse is a Kentucky corporation authorized to do business in the State of Mississippi with its principal place of business in Paducah, McCracken County, Kentucky. The home port of Barge C512 is Paducah, Kentucky.

4. On August 30, 2014, Crounse was and currently is the sole owner and operator of Barge C512, which is an inland river vessel floating on navigable waters in the jurisdiction of

this Court.  Crounse at all times pertinent herein used due diligence to make Barge C512 seaworthy, tight, staunch, and strong in all respects.

5. On August 30, 2014, in the early morning hours, Barge C512 was struck by a bass boat occupied and operated by Carey Jonathan Downs and/or Jeremie Floyd at or near Mile 447 on the Tennessee River in Tishomingo County, Mississippi.  Upon information and belief, on said date and time, Barge C512 was properly moored and lit.  The voyage at issue commenced on or about August 11, 2014, at Mile 74.6 on the Kanawha River at or around Shrewsberry, West Virginia, and is expected to terminate on or about September 5, 2014, at Mile 397.6 on the Black Warrior River at or around Birmingham, Alabama.

6. Crounse has received no written notice of claim regarding this incident.  There are no demands, unsatisfied liens or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to Crounse and no actions, procedures, or lawsuits are known, to be pending as a result of the said voyage.  Barge C512 sustained minor damage in this incident, but no damage which requires repair.  Barge C512 was not lost or abandoned.

7. Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  At the time of the aforementioned incident, Barge C512 was located within the jurisdiction of this Court.

8. The aforementioned incident and all alleged losses and resulting damages were not caused or contributed to by any fault or neglect of Crounse, as owner and operator of Barge C512, nor on the part of Barge C512 herself, nor was there any unseaworthy condition aboard Barge C512 which caused or contributed to said incident.  Said incident was caused solely by the actions and/or negligence of Carey Jonathan Downs and/or Jeremie Floyd and/or others, for which Crounse has no legal liability. Crounse, therefore, is entitled to be exonerated from all

liability for said incident.

9. The aforementioned incident and all alleged losses and resulting damages were occasioned and incurred without the privity or knowledge of Crounse or of anyone whose privity and knowledge is imputable to Crounse. Crounse, therefore, is entitled to limit its liability to the value of Barge C512 at the time of and immediately following the incident at issue and at the conclusion of the voyage at issue and the value of her then pending freight, pursuant to 46 U.S.C. § 30501, et seq.

10. Crounse, as owner and operator of Barge C512, hereby claims exemption and exoneration from liability for any and all losses or damages of any kind occasioned or incurred by or resulting from said incident, and from any and all suits and claims which have been or may hereafter be made against it, and Crounse alleges that it has valid defenses thereto in fact and in law. Crounse further claims the benefits of the limitation of liability provided by the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501, et seq., and, to that end, Crounse is willing to proceed according to law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

11. At the time of and immediately following the incident at issue, and at the conclusion of the voyage at issue, the value of Barge C512 did not exceed $450,000.00. See the Affidavit of Fred O. Budwine attached hereto as Exhibit A. The value of the pending freight was $22,938.78. See the Affidavit of Michael Byers attached hereto as Exhibit B.

12. Crounse offers an ad interim stipulation for the value of its interest in said vessel and her pending freight in the sum of $472,938.78, plus interest at the rate of six (6%) percent per annum from the date of the filing of this complaint, and costs.

13. This complaint is filed less than six (6) months after the occurrence of the incident

at issue.

WHEREFORE, PREMISES CONSIDERED, Crounse Corporation prays as follows:

1. that this Court enter an order approving the ad interim stipulation for the value of Barge C512 and her pending freight in the total amount of $472,938.78, plus interest at the rate of six (6%) percent per annum from the date of the filing of this complaint, and costs;

2. that upon approval of the foregoing, this Court enter an order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits and/or legal proceedings of whatsoever kind, nature, or character against Barge C512 and/or Crounse Corporation, its officers, agents, representatives, servants, employees, and affiliated companies, and any other person or entity whatsoever for whom Crounse Corporation may be responsible, arising out of or attributable to the incident at issue herein;

3. that this Court cause notice to be issued to all persons, firms, or corporations having or alleging to have claims arising out of said incident:

    a. admonishing them to appear and file their claims with the clerk of this Court on or before the date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims; and

    b. directing them to answer the allegations contained in this complaint.

4. that this Court, after due hearing, determine that neither Crounse Corporation nor Barge C512 is liable for any damages on any basis whatsoever in connection with said incident;

5. that, in the alternative, should this Court determine that Crounse Corporation and/or Barge C512 is liable to any person, firm, corporation, or entity to any extent on any basis, which Crounse Corporation denies, then this Court determine that Crounse Corporation and Barge C512 are entitled to limit their liability to the value of Barge C512 and her pending

freight, and Crounse Corporation's interest therein, at the time of and immediately following said incident, and at the conclusion of the voyage at issue, and that a judgment be entered discharging Crounse Corporation and Barge C512 from any further liability arising from or growing out of or in connection with said incident; and

   6.  Crounse Corporation prays for such other relief to which it may show itself justly entitled.

               Respectfully submitted,

               THE LANE LAW FIRM, P.A.


               By_/s/ Ernest Lane III_____
                Ernest Lane III
                Mississippi Bar No. 1009
                Attorney for Crounse Corporation
                1405 Jackson Avenue East
                Oxford, Mississippi 38655
                (662) 281-1900
                (662) 281-1963 - Fax
                E-mail: lanelaw@tecinfo.com

## VERIFICATION

**STATE OF KENTUCKY**

**COUNTY OF McCRACKEN**

I, Michael Byers, being first duly sworn, state that I am the Vice President – Administration of Crounse Corporation. I have read the foregoing complaint and all of the matters set forth therein are true and correct to the best of my knowledge, information, and belief. I am authorized to make this verification on behalf of Crounse Corporation and same is the free act and deed of Crounse Corporation.

_____
MICHAEL BYERS

Sworn to and subscribed before me this the 2nd day of September, 2014.

_Crystal R. Farley_ ID 428853
Notary Public

My Commission Expires:

10-16-2014

F:\Data\Crounse Docs - Floyd Livingston Pleadings\Limitation Liability Complaint.doc

- 6 -