IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN RE: CROUNSE                                  CIVIL ACTION NO. 1:14-cv-154-SA-DAS

MEMORANDUM OPINION

This matter comes before the court on Floyd Claimants' Motion in Limine to Exclude Expert Testimony [192] and Muscle Shoals Marine Service, Inc.'s ("MSMS") Motion in Limine to Exclude Expert Testimony [195].

Floyd Claimants seek to exclude the anticipated opinion testimony from Lee Nelson,[1] identified as an MSMS expert witness. Nelson's testimony is offered for the purpose of explaining requisite mooring lights on barges, and to refute the contention that Barge C512 was located in a highly unusual position, beyond its permit. Floyd Claimants argue that Nelson's opinion should be excluded because he employed unreliable methodology, and because he does not have relevant expertise.

In their Motion in Limine, MSMS seeks to exclude the anticipated opinion testimony from David Cole, who the Floyd Claimants have identified as an expert witness. Floyd Claimants proffer Cole's expert testimony for the purpose of explaining lighting regulations and MSMS's

---

[1] In their Supplemental Memorandum in Support of the Motion to Strike Lee Nelson's testimony, Floyd Claimants contend that Nelson sought to supplement his report through use of an out of time affidavit.[210-1]. Although the Federal Rules of Civil Procedure provide for supplementation, parties do not have infinite time to supplement their experts' opinions with new information to respond to challenges to their experts' original evidence. Courts have stricken supplemental reports to the extent they go beyond opinions expressed in the experts' Rule 26 reports. *Avance v. Kerr–McGee Chem. LLC*, No. 5:04–CV–209, 2006 U.S. Dist. LEXIS 87224, at *21, 2006 WL 4108454 (E.D. Tex. Nov. 30, 2006) (citing *Beasley v. U.S. Welding Svc., Inc.*, 129 Fd. App'x 901, 902 (5th Cir. 2005)). Also pertinent here, Rule 26(a)(5) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi which provides, "A party is under a duty to supplement disclosures at appropriate intervals under Federal Rule of Civil Procedure 26(e) and in no event later than the discovery cut-off established by the case management order." L. U. CIV. R. 26(a)(5). To the extent that Nelson's affidavit [210-1] is an out of time attempt to supplement his original report, it will not be considered by the Court.

noncompliance with such regulations. Further, Cole's testimony will analyze the Tennessee Valley Authority ("TVA") permit, which he believes MSMS violated.

Conversely, MSMS alleges that Cole does not possess expertise, as indicated by the fact that his experience allegedly ended three decades ago, his deposition testimony was insufficient, and the factual basis for his opinion is faulty. MSMS argues that Cole relies on a map that is outdated and unrelated. In support of MSMS, Crounse has also responded, specifically contesting Cole's opinions regarding their ongoing duty of care after MSMS accepted Barge C512.

Federal Rule of Evidence 702 requires the court to ensure that the testimony will not only be relevant, but reliable. See FED. R. EVID. 702. The expert must be qualified, and the testimony must help the trier of fact understand the evidence. The testimony given must be based on sufficient facts or data, it must be the product of reliable principles and methods, and the expert must reliably apply the principles and methods to the facts of the case.

The current text of Rule 702, as amended in 2000, reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). "In Daubert the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. . . " Advisory Committee's Note on 2000 Amendment of FED. R. EVID. 702.

As the Fifth Circuit has explained, "the importance of the trial court's gatekeeper role is significantly diminished in bench trials . . . because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. C.I.R.,* 615 F.3d 321, 330 (5th Cir. 2010) (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.

2000). Furthermore, in bench trials, the gatekeeper and the factfinder are the same. Nevertheless, the district court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589, 113 S. Ct. 2786.

*MSMS Motion in Limine to Exclude David Cole's Testimony*

The court must balance the diminished gatekeeper role in bench trials with the Rule 702 elements. First, the Court must consider whether Cole is qualified by knowledge, skill, experience, training, or education. According to the Floyd Claimants, Cole is a 27-year veteran of the U.S. Coast Guard. Additionally, Cole has spent a substantial amount of his career conducting vessel inspections and enforcement of Coast Guard Safety Rules and Regulations. He has also served as a hearing officer for the Coast Guard, where he conducted hearings for marine casualties. Cole has legal experience, and he has operated a marine consulting business. Claimants contend that, "given his 25 years in enforcing Coast Guard Regulations and in prosecuting and adjudicating causation on maritime casualties, he is uniquely qualified to guide and assist the Court . . . " The Court agrees.

Second, the court must ascertain that the Cole's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine the fact in issue. FED. R. EVID. 702(a). It is clear that Cole's specialized knowledge would assist the Court in determining the permit limitations, the lighting requirements and their effectiveness, as well as industry practices.

The third and most intensely debated issue concerns whether Cole has based his opinion on sufficient facts or data, including his opinion regarding the Corps of Engineers map, as well as the lighting test used by Cole. FED. R. EVID. 702(b). MSMS president and owner, Mike McDonald argues that the map used by Cole to determine permit violations does not depict the

area in question. MSMS also contends that the lighting tests were insufficient, as they were not conducted contemporaneous with the present suit.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987). Furthermore, if experts in this particular field would reasonably rely on the Corps of Engineers map to determine permit violations, the testimony is allowable. FED. R. EVID. 703. The Floyd Claimants obtained the map from a Freedom of Information Act request. The Corps of Engineers included the map in response to this request, suggesting that the Corps of Engineers also relies on this map when referencing the TVA permitted fleeting area in question, the Lower Level Fleeting Arear ("LLF").

Therefore, though McDonald argues that the map provides information concerning an anchoring system, it is not clear at this time whether that map may also depict the TVA permitted area, as Cole has asserted. Under the *Daubert/Kumho* standards and their progeny, it is not the court's duty to determine in a motion *in limine* whether the expert in question is correct. This decision falls squarely within the province of the factfinder. The Court finds this to be an issue that the parties are free to attack on cross-examination.

Finally, the court must evaluate whether Cole has used reliable methods, and whether he reliably applied those methods to the facts of the case. FED. R. EVID. 702(c)-(d). As Cole's "methods" are based on his observations of industry standards and Coast Guard Rules over the past 25 years, the court deems them reliable and reliably applied.

Furthermore, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed," and the facts or data "need not be admissible for the opinion to be admitted." FED. R. EVID. 703. Therefore, Mr. Cole's tests and opinions regarding the statutorily required lighting and industry standards are also admissible under Rule 702 and 703.

The Court finds Cole's expert opinion to be both relevant and reliable, and therefore it is admissible. MSMS Motion in Limine to Exclude Expert Testimony is DENIED.

*Floyd Claimants' Motion in Limine to Exclude Lee Nelson's Testimony*

According to MSMS, in contrast to Cole's enforcement experience, Nelson has purportedly obtained practical, hands-on experience, as he has worked in the industry for many years. Though not a local, Nelson has worked as a tugboat pilot and captain on the Mississippi River, he has served as vice president and president of Upper River Services ("URS"), and he has assisted the Army Corps of Engineers in permit location interpretation.

Therefore, the Court agrees that he is qualified under Rule 702. He has ample skill, training and experience to testify in the form of opinion regarding permit violations and to provide his opinion on lighting requirements. Furthermore, his technical knowledge will likely help the Court to understand the evidence.

Nelson has based his opinion on information provided to him by the attorneys, and he has examined the information through the lens of someone who has worked with the United States Coast Guard regarding lighting mechanisms and Army Corps of Engineers permits. As to the map, Nelson disagrees with Cole, arguing that it is not an accurate depiction of the LLF. Nelson also argues that the lighting requirement cited does not apply to Barge C512, and that the lights purportedly used were sufficient, anyhow. Although Nelson disagrees with Cole, he has applied

his knowledge to the questions at hand, and the court finds the application of this knowledge, as described in the Rule 26 report [192-2] to be reliable and relevant.

Importantly, as Judge Posner has observed: "*Daubert* requires a binary choice-admit or exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Smith–Kline Beecham Corp. v. Apotex Corp.,* 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003) (sitting by designation), *aff'd on other grounds,* 403 F.3d 1331 (Fed. Cir. 2005). Therefore, technical evidence, such as the map, will be given appropriate weight, depending on the outcome of in court argument.

Therefore, Floyd Claimants' Motion in Limine to Exclude Expert Testimony is also DENIED.

SO ORDERED this 20th day of September 2016.

    /s/Sharion Aycock
    UNITED STATES DISTRICT JUDGE